```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

```
_____
                             )
EFRAIN ALICEA MARTINEZ,      )
                             )
          PLAINTIFF,         )
                             )
     v.                      )      CIVIL ACTION
                             )      NO. 19-2156-WGY
EVERTEC GROUP, LLC,          )
                             )
          DEFENDANT.         )
_____)
```

YOUNG, DISTRICT JUDGE[1]                              June 30, 2020

**ORDER**

On December 25, 2019, Efrain Alicea Martinez ("Martinez") filed a complaint in this Court against Evertec Group, LLC. ("Evertec"). Compl., ECF No. 1. Martinez alleges that Evertec terminated his employment because of his advanced age and military service in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 and the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301.

Martinez also alleges supplemental jurisdiction over Puerto Rico state law claims of wrongful termination of employment; age discrimination; and military service discrimination. Id. § 3.

---

[1] Of the District of Massachusetts, sitting by designation.

Martinez requests a jury trial and seeks his reinstatement, back pay and benefits, compensatory and general damages (one million dollars), punitive damages (two million dollars) and attorney fees.  Id. 9.

Evertec moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint is conclusory and lacking sufficient support to meet the requirements of the law.  Def. Evertec's Mot. Dismiss Pls.' Compl. 1-2 ("Evertec's Mot."), ECF No. 5. Martinez opposed the motion, Mem. L. Obj. Def. Evertec's Mot. Dismiss Rule 12(b)(6) ("Pl.'s Obj."), ECF No. 6, which elicited a further reply, Mem. L. Reply. Pl.'s. Obj. ("Def. Evertec's. Reply"), ECF No. 15.

The Court DENIES the motion to dismiss since the complaint, however slender, provides "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570(2007).

The ADEA forbids employers from taking an adverse employment action against employees because they are forty years of age or older.  See 29 U.S.C. §§ 623(a)(1), 631(a); Torrech-Hernandez v. Gen. Elec. Co., 519 F.3d 41, 48 (1st Cir. 2008).

Contrary to Evertec's line of argument, to plead an ADEA claim does not require a proof of a prima facie case based on the formula identified in McDonnell Douglas Corp. v. Green, 411

U.S. 792, 802(1973).  Instead, the standard of pleading set forth in Twombly and Iqbal applies, see Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 678(2009), that is, alleging "facts adequate to raise...right to relief above a speculative level."  Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 642 (11th Cir. 2018) (citing Iqbal, 556 U.S. at 678). See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002); Hedges v. Madison, 456 F. App'x 22, 23 (2d Cir. 2012).

Martinez's complaint successfully puts Evertec on notice of the claims for relief and raises the legal claim for age-based discrimination beyond speculation.  That is because the complaint asserts: a long period of employment with a consistent track of satisfactory performance, Compl. ¶¶ 11,13; that Martinez's age is protected under ADEA, Id. ¶ 9; that similarly situated younger employees were treated more favorably and were not affected by same or worse mistakes they made, Id. ¶¶ 17,19, 39; that Martinez was required to participate in a personal improvement plan, and his supervisors were coerced to misrepresent his performance in order to ultimately terminate him under pretextual reasons, Id. ¶ 18; and that Martinez's position was still needed in the company, as he was replaced by a younger person. Id. ¶ 38.

Evertec contends that because Martinez lists at least one more reason for his termination (e.g. his military service), he

[3]

fails to show a "but-for" nexus between his termination and his age.  See Evertec's Mot. 5-6, Def. Evertec's. Reply. 5-6. Evertec's focus on the causation element is premature at the pleading stage.  For now, it suffices to say that having additional reasons for termination apart from age would not necessarily defy the causation requirement since "but for" is not to be construed as "sole cause".  See Leal v. McHugh, 731 F.3d 405, 415 (5th Cir. 2013); Arthur v. Pet Dairy, 593 F. App'x 211, 220 (4th Cir. 2015), McDonald v. Wichita, Kansas, 735 F. App'x 529, 532 (10th Cir. 2018), cert. denied sub nom. McDonald v. Wichita, Kan., 139 S. Ct. 944, 203 L. Ed. 2d 132 (2019).

Evertec's attack on Martinez's USERRA claim fares no better.  Employers may not discriminate their employees or terminate them because of their military service.  See 38 U.S.C. § 4311.  USERRA applies to both servicemen in active or past duty.  See generally 38 U.S.C. §§ 4301-4335; Angiuoni vs. Billerica, D. Mass., No. CV 11-11661-NMG (July 16, 2012) (Jennifer C. Boal, J.); Cain v. Exxon Mobil Corp., 400 F. Supp. 3d 514, 532 (M.D. La. 2019).

At the pleading stage, a plaintiff only needs allege sufficient facts to show that she suffered an adverse employment action, and her military service was a motivating or substantial factor in defendants' conduct.  See Alves vs. Gloucester, D. Mass., No. CV 18-10654-MPK (Jan. 18, 2019) (M. Page Kelley,

[4]

J)(citing Anguioni v. Town of Billerica, 838 F.3d 34, 39 (1st Cir. 2016).  See also Velazquez-Garcia v. Horizon Lines Of Puerto Rico, Inc., 473 F.3d 11, 16-17 (1st Cir. 2007); Sheehan v. Dep't of Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001); and Conners v. Billerica Police Dept., 679 F. Supp. 2d 218, 227 (D. Mass. 2010).  A defendant's ""expressed hostility towards [veterans]" may be a relevant factor in determining discriminatory motivation." Angiuoni, 838 F.3d at 41.  Another factor may be found in a plaintiff's allegation that "he was punished more severely for a minor offense than non-military employees were punished for more serious offenses."  Id.

Here, Martinez alleges that during his employment at Evertec, from 2007 to 2016, he performed military duties. Compl. ¶ 10.  Evertec's management was aware of his military service.  Id. ¶ 13.  Martinez was the only soldier at his work place.  Id. ¶ 13.  Evertec's Supervisor of Operations, Ivonne Rivera ("Rivera"), often manifested animus towards Martinez's affiliation with the army.  Id. ¶ 40.  Finally, Martinez was treated unfairly harsher than other similarly situated employees, and while they were not adversely affected by their errors, Martinez was required to join a concocted personal improvement plan and was later terminated under pretextual causes.  Compl. ¶¶ 17,19, 39, Pl.'s Obj. 8.

Evertec states that the fact that Martinez was terminated three years after he completed his military service contradicts any causal link between the adverse employment decision and the military service. Evertec's Mot. 10. This allegation, however sensible, is premature at this time. As noted, USERRA protects current and former servicepersons. Antagonism towards soldiers may live longer than their active duty.

Evertec also argues that Martinez did not provide any specific venomous comments made by Evertec against Martinez's military service. See Evertec's Mot. 10. Notwithstanding, it was sufficient to generally state that insults were regularly made and name the specific member of the management who made them (Rivera). Therefore, it is plausible that Martinez's military past was a motivating factor in his termination.

Finally, since all the asserted state-law claims arise from the same nucleus of operative facts as the federal law claims, this Court must exercise supplemental jurisdiction over them. Compl. ¶¶ 34-42. See 28 U.S.C. § 1367(a), Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996).

Therefore, the Court DENIES the motion to dismiss, ECF No. 5.

**SO ORDERED.**

[7]

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE